UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CLIFTON RIVERS                                     :
    Plaintiff,                              :
                                                   :
  v.                                           :      C.A. No.:
                                                   :
NICE RECOVERY SYSTEMS LLC;                         :
VANGUARD MEDICAL LLC;                              :
RHODE ISLAND FOOT CARE, INC.;                      :
DOUGLAS GLOD, D.P.M.;                              :
JOHN DOE CORPORATION; &                           :
JOHN DOE                                           :
    Defendants.                             :

## **COMPLAINT**

## **PARTIES**

1.      Plaintiff Clifton Rivers is a resident of Fall River in the Commonwealth of Massachusetts.

2.      Defendant, Nice Recovery Systems LLC, is a foreign limited liability company, existing under the laws of Delaware, with its principal place of business in Boulder, Colorado.

3.      Defendant, Vanguard Medical LLC, is a domestic limited liability company, existing under the laws of Connecticut, with its principal place of business in Derby, Connecticut.

4.      Defendant, Rhode Island Foot Care, Inc., is a professional service corporation, existing under the laws of Rhode Island, with its principal place of business in Pawtucket, Rhode Island.  At all relevant times, defendant Douglas Glod, D.P.M., was an employee, agent, servant, and/or partner of defendant Rhode Island Foot Care, Inc.

5.      Defendant, Douglas Glod, D.P.M., upon information and belief, is a citizen and resident of the State of Rhode Island.  At all relevant times mentioned herein, said defendant was engaged in the practice of medicine in the State of Rhode Island and the Commonwealth of Massachusetts, and held himself out to be a specialist in the field on podiatric surgery.

1

6    Defendant, John Doe Corporation, Alias, is an unknown corporation.  Plaintiff will seek leave to amend his Complaint to state defendant John Doe Corporation, Alias' true name, when ascertained.

7.    Defendant, John Doe, Alias, is an unknown individual.  Plaintiff will seek leave to amend his Complaint to state defendant, John Doe, Alias' true name, when ascertained.

## JURISDICTION

8.    This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.    This Court has personal jurisdiction over the defendants because the defendants solicit, transact, and/or do business in this district, and because a substantial part of the relevant events occurred in this district.

10.    Venue is properly set in the United States District Court of the District of Rhode Island pursuant to 28 U.S.C. § 1391.

## FACTS

11.    Defendant, Nice Recovery Systems LLC, through its agents, servants, and employees, designed and manufactured the NICE1 as a cooling technology device or cold compression therapy system.  The NICE1 is marked by this Defendant as a breakthrough product that delivers precise cold therapy without ice.

12.    Defendant, Nice Recovery Systems LLC, markets the NICE1 as a programmable pneumatic compression which is proved to reduce edema and speed recovery.

13.    The NICE1 device works by circulating "cooled" water and air through a therapy wrap and provides cold therapy; the air inflates the therapy wrap causing it to compress around the injured body part.

2

14.     According to Defendant Nice Recovery Systems LLC's manual for this device, it is "intended to treat post-surgical and acute injuries to reduce edema, swelling, and pain where cold and compression are indicated.  It is intended to be used by or on the order of a healthcare professional in hospitals, outpatient clinics, athletic training settings, or home settings."

15.     Vanguard Medical LLC is a retail distributor of the NICE1 product and is responsible for providing the NICE1 for use and treatment by Plaintiff Clifton Rivers.

16.     On October 28, 2019, Plaintiff Clifton Rivers presented to his podiatrist, Defendant Douglas Glod, D.P.M., at Rhode Island Foot Care, Inc., complaining of pain in his right great toe.

17.     After a physical examination and imaging, Defendant Glod, as an agent, servant, employee and/or partner of Rhode Island Foot Care, Inc., diagnosed Mr. Rivers with bunions on his right foot, recommending surgery, a Kalish-type bunionectomy with tailor's bunionectomy.

18.     On March 23, 2020, Mr. Rivers agreed to have Defendant Glod perform surgery to treat the bunions on his right foot and the surgery with Defendant Glod was scheduled for November 5, 2020, at the Southern New England Surgery Center in Attleboro, Massachusetts.

19.     Prior to the November 5, 2020 surgery, Defendant Glod spoke with Plaintiff Rivers about the use of a cold therapy device after surgery, to help with swelling and healing.  The device would consist of a therapy wrap placed around Mr. Rivers' foot and a machine that the wrap would connect to, via tubing.  Defendant Glod explained that the device would then continuously provide cold therapy in pre-set time cycles.  Defendant Glod instructed Plaintiff to keep the device on twenty-four hours a day, until his follow-up visit approximately one week after surgery.

20.     On or about November 3, 2020, Defendant Vanguard Medical LLC, through its agents, servants, and employees, delivered to Plaintiff Rivers a cold therapy device, NICE1 Cold and Compression Therapy System, serial number 3903 (hereinafter the "Device").

21.     Defendant Vanguard Medical LLC, through its agents, servants, and employees, told Mr. Rivers that the Device will help with swelling and healing, and to keep it on after surgery, twenty-four hours a day.  Defendant Vanguard Medical LLC's representative also told Mr. Rivers to bring the therapy wrap piece of the Device to his surgery.

22.     On November 5, 2020, Mr. Rivers underwent scheduled surgery, performed by Defendant Glod, at the Southern New England Surgery Center in Attleboro, Massachusetts, to correct his right foot bunion and tailor's bunion.

23.     Upon completion of the surgery on November 5, 2020, Defendant Glod, and/or medical staff working with Defendant Glod at Defendant Glod's request, secured the therapy wrap piece of the Device on Mr. Rivers' right foot prior to his discharge, and reminded Plaintiff Rivers to follow the instructions previously provided to him on how he was to use the Device as he recuperated from the surgery.

24.     On November 5, 2020, when Mr. Rivers arrived home after his operation, he connected the therapy wrap on his right foot to the Device and turned the Device on.  Aside from powering the Device on, Mr. Rivers did not manipulate any controls on the Device, and as instructed by Defendants Glod and Vanguard Medical LLC, through its agents, servants, and employees, Mr. Rivers kept the device powered on, on his foot, twenty-four hours a day for the next seven days.

25.     On November 12, 2020, Mr. Rivers contacted Defendant Glod's office in Rhode Island complaining of right foot pain, numbness, and swelling.  Mr. Rivers was instructed to respond to Kent Hospital where he was diagnosed with a compartment syndrome and a postoperative infection.

26.     Mr. Rivers was admitted to Kent Hospital on November 12, 2020, and discharged on December 2, 2020.  During his admission, Mr. Rivers underwent a right foot fasciotomy on November 22, 2020 and a right foot debridement of all nonviable tissue on November 25, 2020.

27.    Mr. Rivers was admitted to Kent Hospital on December 28, 2020, and underwent wound debridement and hardware removal and had a wound VAC placed that day, and another wound debridement followed by the application of a Stravix graft and wound VAC on December 30, 2020. Mr. Rivers was discharged from Kent Hospital on January 4, 2021.

28.    On March 15, 2021, Mr. Rivers was admitted to Beth Israel Deaconess Medical Center in Boston, Massachusetts, (hereinafter "Beth Israel") after he sought a second opinion for his right foot wound status post bunion surgery with exposed dorsal, first metatarsal, proximal and distal phalanges, where he underwent excisional debridement of the right dorsal foot wound washout of the right great toe interphalangeal and metatarsal-phalangeal joints at Beth Israel, and after consult with Infectious Disease, Mr. Rivers was started on IV antibiotics through a PICC line.

29.    On March 19, 2021, at Beth Israel, Rivers underwent debridement of the medial and lateral foot wound in preparation for coverage; glabrous rotation flap lateral aspect of right foot; free anterolateral thigh flap, chimeric, to right foot end-to-side into the dorsalis pedis artery; split-thickness skin graft and partial closure, right thigh; and split-thickness skin graft to the right foot.

30.    Mr. Rivers continued to have treatment for his right foot and thigh. He has ongoing issues with his foot, including the inability to bend his toes. While he is able to bear some weight on his right lower extremity, he is unable to walk property, and is unable to drive. Mr. Rivers has been unable to return to work. He worked as a shuttle bus driver for The Miriam Hospital, which required him to use his right leg, foot, and toes extensively to control the gas and break pedals.

31.    On the date of Mr. Rivers' injury, the Device was in substantially the same condition as it was when originally manufactured.

32.    Said injures and damages proximately resulted from the defective design and condition of said Device, which rendered it unreasonably dangerous to users like Mr. Rivers', and/or from

Defendants' breach of warranties, and/or from Defendants' negligent acts and/or omissions, as herein referenced.

33.    Further, Plaintiff Rivers' surgeries were also the result of Defendant Glod's failure to exercise diligence and skills of a reasonably competent physician of podiatry, and failure to properly diagnose, care and treat Plaintiff and was otherwise negligent.

34.    At all times material hereto, Mr. Rivers' was in the exercise of due care for his safety.

**COUNT I**
**NEGLIGENCE**
**NICE RECOVERY SYSTEMS LLC**

1.    Plaintiff restates and realleges Paragraphs 1 through 34 of the Complaint as if fully set forth at length herein.

2.    Defendant owed a duty to Plaintiff and others using the Device which is the subject of this Complaint to use reasonable care in the design, manufacture, distribution, sale, delivery, assembly, installation, supply, maintenance, and/or service of said Device.

3.    Defendant further owed a duty to Plaintiff and others using said Device to test and inspect for, and warn of, defects and dangerous properties and conditions inherent in and arising from said Device.

4.    Defendant breached said duties and was otherwise negligent in the design, manufacture, distribution, sale, delivery, assembly, installation, supply, maintenance, inspection, testing, and/or service of said Device.

5.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

6.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered devastating injuries to his right lower extremity, all of which are permanent.

7.      As a direct and proximate result of Defendant's negligence, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

8.      As a direct and proximate result of Defendant's negligence, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

9.      By reason of the foregoing, Plaintiff Rivers has incurred and will incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Nice Recovery Systems LLC in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT II
## BREACH OF WARRANTY
## NICE RECOVERY SYSTEMS LLC

1.      Plaintiff hereby incorporates by reference Paragraphs 1 through 34 and Count I of the Complaint as if set forth fully at length herein.

2.      Defendant is a merchant and/or manufacturer and/or seller and/or distributer with respect to the Device identified in the Complaint.

3.      At all material times, Plaintiff was a person reasonably expected to be affected by the use and operation of said Device.

4.      Defendant impliedly and expressly warranted that said Device was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5.      At the time said Device was sold or leased, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purposes.

7

6.      Plaintiff relied on the warranties made by Defendant and was permanently injured and sustained damage as a direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breaches of said warranties by the Defendant.

7.      As a direct and proximate result of Defendant's breaches of warranties, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

8.      As a direct and proximate result of Defendant's breaches of warranties, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

7.      As a direct and proximate result of Defendant's breaches of warranties, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

8.      As a direct and proximate result of Defendant's breaches of warranties, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

9.      By reason of the foregoing, Plaintiff Rivers has incurred and will incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Nice Recovery Systems LLC in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT III
## STRICT TORT LIABILITY
## NICE RECOVERY SYSTEMS LLC

1.      Plaintiff hereby incorporates by reference paragraphs 1 through 34 of the Complaint and Counts I and II as if set forth fully at length herein.

2.      At the time Defendant sold, leased and/or supplied said Device, it was defective in design, manufacture, and sale, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Plaintiff.

3.      When injured, Plaintiff was using said Device in an ordinary and foreseeable manner.

4.      As a direct and proximate result of said defective conditions of said Device, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

5.      As a direct and proximate result of said defective condition of said Device, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures, all of which are permanent.

6.      As a direct and proximate result of said defective condition of said Device, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

7.      As a direct and proximate result of said defective condition of said Device, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

8.      By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Nice Recovery Systems LLC  in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
## VICARIOUS LIABILITY
## NICE RECOVERY SYSTEMS LLC

1.      Plaintiff hereby incorporates by reference Paragraphs 1 through 34 and Counts I through III of the Complaint as if set forth fully and at length herein.

2.      Defendant John and/or Jane Doe was an employee, agent, apparent agent, and/or servant of Defendant, and was acting within the scope of his/her employment at all times relevant hereto.

3.      Defendant, through their agents, servants, employees and partners, was at all relevant times vicariously responsible for the acts of their employees, agents, and servants, including but not limited to, the acts of Defendant John and/or Jane Does, as set forth above.

4.      As a direct and proximate result of said negligence, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

5.      As a direct and proximate result of said negligence, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

6.      As a direct and proximate result of said negligence, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

7.      As a direct and proximate result of said negligence, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

8.      By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Nice Recovery Systems LLC in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

**COUNT V**
**NEGLIGENCE**
**VANGUARD MEDICAL LLC**

1.      Plaintiff restates and realleges Paragraphs 1 through 34 of the Complaint and Counts I through IV as if fully set forth at length herein.

2.      Defendant owed a duty to Plaintiff and others using the Device which is the subject of this Complaint to use reasonable care in the design, manufacture, distribution, sale, lease, delivery, assembly, installation, supply, maintenance, and/or service of said Device.

3.      Defendant further owed a duty to Plaintiff and others using said Device to test and inspect for, and warn of, defects and dangerous properties and conditions inherent in and arising from said Device.

4.      Defendant breached said duties and was otherwise negligent in the design, manufacture, distribution, sale, lease, delivery, assembly, installation, supply, maintenance, inspection, testing, and/or service of said Device.

5.      As a direct and proximate result of Defendant's negligence, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

6.      As a direct and proximate result of Defendant's negligence, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

7.      As a direct and proximate result of Defendant's negligence, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

8.      As a direct and proximate result of Defendant's negligence, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

9.      By reason of the foregoing, Plaintiff Rivers has incurred and will incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Vanguard Medical LLC in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT VI
## BREACH OF WARRANTY
## VANGUARD MEDICAL LLC

1.      Plaintiff hereby incorporates by reference Paragraphs 1 through 34 and Counts I through V of the Complaint as if set forth fully at length herein.

2.      Defendant is a merchant and/or manufacturer and/or seller and/or distributer with respect to the Device identified in the Complaint.

3.      At all material times, Plaintiff was a person reasonably expected to be affected by the use and operation of said Device.

4.      Defendant impliedly and expressly warranted that said Device was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5.      At the time said Device was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purposes.

6.      Plaintiff relied on the warranties made by Defendant and was permanently injured and sustained damage as a direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breaches of said warranties by the Defendant.

12

7.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

8.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

7.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

8.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

9.    By reason of the foregoing, Plaintiff Rivers has incurred and will incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Vanguard Medical LLC in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT VII
## STRICT TORT LIABILITY
## VANGUARD MEDICAL LLC

1.    Plaintiff hereby incorporates by reference paragraphs 1 through 34 of the Complaint and Counts I through VI as if set forth fully at length herein.

2.    At the time Defendant sold and supplied said Device, it was defective in design, manufacture, and sale, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Plaintiff.

3.      When injured, Plaintiff was using said Device in an ordinary and foreseeable manner.

4.      As a direct and proximate result of said defective conditions of said Device, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

5.      As a direct and proximate result of said defective condition of said Device, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

6.      As a direct and proximate result of said defective condition of said Device, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

7.      As a direct and proximate result of said defective condition of said Device, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

8.      By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Vanguard Medical LLC in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT VIII
## VICARIOUS LIABILITY
## VANGUARD MEDICAL LLC

1.      Plaintiff hereby incorporates by reference Paragraphs 1 through 34 and Counts I through VII of the Complaint as if set forth fully and at length herein.

2.     Defendant John and/or Jane Doe was an employee, agent, apparent agent, and/or servant of Defendant, and was acting within the scope of his/her employment at all times relevant hereto.

3.     Defendant, through their agents, servants, employees and partners, was at all relevant times vicariously responsible for the acts of their employees, agents, and servants, including but not limited to, the acts of Defendant John and/or Jane Does, as set forth above.

4.     As a direct and proximate result of said negligence, Plaintiff suffered significant and permanent personal injuries, and was otherwise damaged.

5.     As a direct and proximate result of said negligence, Plaintiff suffered devastating injuries to his right lower extremity which necessitated several surgeries and other procedures.

6.     As a direct and proximate result of said negligence, Plaintiff has endured and will in the future endure mental and physical pain, suffering, and mental and emotional anguish and distress.

7.     As a direct and proximate result of said negligence, Plaintiff has been and will be unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise significantly and permanently damaged.

8.     By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalization, rehabilitation therapy, and the like.

WHEREFORE, Plaintiff, Clifton Rivers, demands judgment against Defendant Vanguard Medical LLC in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IX
## NEGLIGENCE
## RHODE ISLAND FOOT CARE, INC.

1.      Paragraphs 1 through 34 of the Complaint and Counts I through VIII are hereby incorporated by reference as if fully set forth herein.

2.      Defendant Rhode Island Foot Care, Inc. undertook for a valuable consideration to diagnose, treat and care for Clifton Rivers.

3.      It then and there became and was the duty of said Defendant Rhode Island Foot Care, Inc., through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Clifton Rivers.

4.      Nevertheless, Defendant Rhode Island Foot Care, Inc. disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the agents, servants, employees, and/or partners of Defendant Rhode Island Foot Care, Inc. failed to properly diagnose and failed to render adequate, proper and necessary treatment to Clifton Rivers and was otherwise negligent in its diagnosis, treatment, and care of him.

5.      By reason of the foregoing, Plaintiff Clifton Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      As a direct and proximate result of Defendant Rhode Island Foot Care, Inc.'s negligence as aforesaid, Clifton Rivers suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    The injuries suffered by Clifton Rivers as a result of Defendant Rhode Island Foot Care, Inc.'s negligence, through its agents, servants, employees, and partners, were not discoverable through reasonable diligence until he was diagnosed on or about March 15, 2021.

WHEREFORE, Plaintiff Clifton Rivers demands judgment against Defendant Rhode Island Foot Care, Inc., in an amount that will justly compensate for his damages, together with interest, costs, and attorneys' fees, and such other and further relief as this Court deems just.

### COUNT X
### LACK OF INFORMED CONSENT
### RHODE ISLAND FOOT CARE, INC.

1.    Paragraphs 1 through 34 and Counts I through IX are hereby incorporated by reference as if set forth fully at length herein.

2.    It then and there became the duty of Defendant Rhode Island Foot Care, Inc., no emergency existing, to inform Clifton Rivers of the risks of harm attendant to the course of treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment.  It also then and there became the duty of Defendant Rhode Island Foot Care, Inc. to obtain Clifton Rivers' informed consent before proceeding with said course of treatment and care.

3.    Nevertheless, Defendant Rhode Island Foot Care, Inc. disregarded its duty as aforesaid and failed to inform Clifton Rivers of the risks of harm attendant to the course of treatment and care in question and proceed to perform said course of treatment and care without having obtained his informed consent.

4.    If Defendant Rhode Island Foot Care, Inc. had informed Clifton Rivers of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of his suffering those injuries from which he suffered and continues to suffer as a direct result of

Rhode Island Foot Care, Inc.'s performance of the course of treatment and care in question, Clifton Rivers would have refused to consent to the performance of said course of treatment and care.

5.      By reason of the foregoing, Plaintiff Clifton Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      As a direct and proximate result of Defendant Rhode Island Foot Care, Inc.'s negligence as aforesaid, Clifton Rivers suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

WHEREFORE, Plaintiff Clifton Rivers demands judgment against Defendant Rhode Island Foot Care, Inc., in an amount that will justly compensate for his damages, together with interests, costs, and attorneys' fees, and such other and further relief as this Court deems just.

### COUNT XI
### CORPORATE LIABILITY
### RHODE ISLAND FOOT CARE, INC.

1.      Paragraphs 1 through 34 and Counts I through X are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became and was the duty of Defendant Rhode Island Foot Care, Inc. to provide quality medical care to Clifton Rivers, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.      Nevertheless, Defendant Rhode Island Foot Care, Inc. negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery

of ordinary medical care and otherwise failed to discharge its responsibilities as a medical group to Clifton Rivers.

4.      By reason of the foregoing, Plaintiff Clifton Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

5.      As a direct and proximate result of Defendant Rhode Island Foot Care, Inc.'s negligence as aforesaid, Clifton Rivers suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

WHEREFORE, Plaintiff Clifton Rivers demands judgment against Defendant Rhode Island Foot Care, Inc. in an amount that will justly compensate for his damages, together with interest, costs, and attorneys' fees, and such other and further relief as this Court deems just.

## COUNT XII
## VICARIOUS LIABILITY
## RHODE ISLAND FOOT CARE, INC.

1.      Paragraphs 1 through 34 and Counts I through XI are hereby incorporated by reference as if fully set forth at length herein.

2.      Defendant Glod was an employee, agent, servant, and/or partner of Defendant Rhode Island Foot Care, Inc., and was acting within the scope of his employment at all times relevant hereto.

3.      Defendant Rhode Island Foot Care, Inc. was at all relevant times vicariously responsible for the acts of its employees, agents, servants, and/or partners including but not limited to, the acts of Defendant Glod, as set forth above.

4.      By reason for the foregoing, Plaintiff Clifton Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

5.      As a direct and proximate result of Defendant Rhode Island Foot Care, Inc.'s negligence as aforesaid, Clifton Rivers suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

WHEREFORE, Plaintiff Clifton Rivers demands judgment against Rhode Island Foot Care, Inc. in an amount that will justly compensate for his damages, together with interest, costs, and attorneys' fees, and such other and further relief as this Court deems just.

## COUNT XIII
## NEGLIGENCE
## DOUGLAS GLOD, D.P.M.

1.      Plaintiff hereby incorporates Paragraphs 1 through 34 of the Complaint and Counts I through XII as if fully set forth at length herein.

2.      Defendant Douglas Glod, DPM, undertook for valuable consideration to diagnose, treat, and care for Plaintiff Clifton Rivers.

3.      It then and there became and was the duty of Defendant Glod to exercise that degree of diligence and skill required of the average physician in the practice of podiatry.

4.      Nevertheless, Defendant Glod disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Plaintiff Rivers and was otherwise negligent in his diagnosis, treatment, and care of him.

5.      By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, and the like.

6.      As a direct and proximate result of Defendant Glod's negligence as aforesaid, Plaintiff Rivers has suffered severe injuries to his mind, body, nerves, and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      The injuries suffered by Plaintiff Rivers as a result of Defendant Glod's negligence were not discoverable through reasonable diligence until he was diagnosed on or about March 15, 2021.

WHEREFORE, Plaintiff Clifton Rivers demands judgment against Defendant Glod in an amount that will justly compensate for his damages, together with interests, costs, and attorneys' fees, and such other and further relief as this Court deems just.

### COUNT XIV
### LACK OF INFORMED CONSENT
### DOUGLAS GLOD, D.P.M.

1.      Paragraphs 1 through 34 and Counts I through XIII are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of Defendant Glod, no emergency existing, to inform Plaintiff Rivers of the risks of harm attendant to the course of treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to such course of treatment.  It also then and there became the duty of Defendant Glod to obtain Plaintiff Rivers' informed consent before proceeding with said course of treatment and care.

3.     Nevertheless, Defendant Glod disregarded his duty as aforesaid and failed to inform Clifton Rivers of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

4.     If Defendant Glod had informed Clifton Rivers of the risks of harm attendant to the course of treatment and care in question, including, but not limited to, the risk of his suffering those injuries from which he suffered and continues to suffer as a direct result of Defendant Glod's performance of the course of treatment and care in question, he would have refused to consent to the performance of said course of treatment and care.

5.     By reason of the foregoing, Plaintiff Rivers has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.     As a direct and proximate result of Defendant Glod's negligence as aforesaid, Plaintiff Rivers suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain, suffering and emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

WHEREFORE, Plaintiff Clifton Rivers demands judgement against Defendant Glod in an amount that will justly compensate for his damages, together with interest, costs, and attorneys' fees, and such other and further relief as this Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATE AMATO A. DeLUCA AS TRIAL COUNSEL**

Plaintiff,
By his attorneys,


 /s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Katelyn M. Revens (#9078)
**DeLUCA & ASSOCIATES, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
bud@delucaandassociates.com
kate@delucaandassociates.com

Dated: September 10, 2021